# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

Case No.         -Civ-

| | |
|---|---|
| SHUNYI TONG, Individually and on Behalf of All Others Similarly Situated, | **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | |
| THOMAS R. EVANS, KENNETH S. ESTEROW, EDWARD J. DIMARIA, and BANKRATE, INC., | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Shunyi Tong ("Plaintiff"), individually and on behalf of all other persons similarly situated, by her undersigned attorneys, for her complaint against defendants, alleges the following based upon personal knowledge as to herself and her own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through her attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Bankrate, Inc. ("Bankrate" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.

## NATURE OF THE ACTION

1

1. This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased Bankrate securities between March 1, 2013 and September 15, 2014, inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 against the Company and certain of its top officials.

2. Bankrate is a leading publisher, aggregator and distributor of personal finance content on the Internet. Through its online network including Bankrate.com, its flagship website, the Company provides consumers with independent personal finance editorial content in subject matters such as mortgages, deposits, insurance, credit cards, and other categories, such as retirement, automobile loans, and taxes.

3. During the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Bankrate's financial statements contained errors related to the improper recognition of revenues and expenses; (2) the Company lacked adequate internal controls over financial reporting; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

4. On September 15, 2014, the Company filed a Form 8-K with the SEC, announcing, among other things, that the SEC is investigating the Company's financial reporting during 2012 and some of its previously issued financial statements should no longer be relied upon. In the Form 8-K, the Company stated, in part:

> On September 15, 2014, Bankrate, Inc. (the "Company") announced that the Securities and Exchange Commission (the "SEC") is conducting a non-public

formal investigation relating to the Company's financial reporting during 2012, with the principal focus on the quarters ending March 31, 2012 and June 30, 2012….

\* \* \*

In connection with the examination of the matters described above and developments in the ongoing SEC investigation, on September 14, 2014, Bankrate's Audit Committee, which is comprised entirely of independent outside directors, concluded that the Company's previously issued financial statements for each of fiscal years 2011, 2012 and 2013 should no longer be relied upon pending the conclusion of a full internal review of these matters, which is ongoing. The Audit Committee is retaining additional counsel and independent forensic accountants, who will be assisted in this review by the Company's newly appointed interim Chief Financial Officer. The Audit Committee has discussed the matters disclosed pursuant to this Item 4.02(a) with the Company's independent registered public accounting firm.

5. On this news, the Company's shares fell $1.90, or over 13%, to close at $11.92 per share on September 15, 2014.

6. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

8. This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1331.

9. Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b), as Bankrate conducts business in this District.

10. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

3

including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

11. Plaintiff Shunyi Tong, as set forth in the attached Certification, purchased Bankrate securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the corrective disclosures.

12. Defendant Bankrate is a Delaware corporation with its headquarters located at 11760 U.S. Highway One, Suite 200 North Palm Beach, Florida.

13. Defendant Thomas R. Evans ("Evans") was a member of the Company's Board of Directors ("Board") from April 2004 and the Company's President and Chief Executive Officer from June 2004 until his resignation effective December 31, 2013.

14. Defendant Kenneth S. Esterow ("Esterow") has been the Company's President and Chief Executive Officer and a member of its Board since January 2014.

15. Defendant Edward J. DiMaria ("DiMaria") was the Company's Chief Financial Officer from April 2006 until his resignation effective September 14, 2014 and has been the Company's Senior Vice President since April 2006.

16. The defendants referenced above in ¶¶ 13 through 15 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

17. Bankrate is a publisher, aggregator, and distributor of personal finance content on the Internet. The Company provides consumers with independent personal finance editorial content in subject matters including mortgages, deposits, insurance, credit cards, and other categories, such as retirement, automobile loans, and taxes.

**Materially False and Misleading Statements Issued During the Class Period**

18. The Class Period starts on March 1, 2013, when the Company filed a materially false and misleading Form 10-K for the fiscal year ended December 31, 2012 (the "2012 10-K") with the SEC. For the year, the Company reported revenue of $457,164,000 and accrued expenses of $22,033,000. The 2011 10-K was signed by Defendants Evans and DiMaria. Attached to the 2012 10-K were the SOX certifications of Defendants Evans and DiMaria falsely attesting to the accuracy of the 2012 10-K.

19. On December 10, 2013, Defendant Evans abruptly resigned as the Company's President and Chief Executive Officer and a member of its Board effective December 31, 2013.

20. On February 27, 2014, the Company filed a materially false and misleading Form 10-K for the fiscal year ended December 31, 2013 (the "2013 10-K") with the SEC. For the year, the Company reported revenue of $457,432,000 and accrued expenses of $40,546,000. The 2013 10-K was signed by Defendants Esterow and DiMaria. Attached to the 2013 10-K were the SOX certifications of Defendants Esterow and DiMaria falsely attesting to the accuracy of the 2012 10-K.

21. The statements referenced in ¶¶ 18 – 20 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: Bankrate's financial statements contained errors related to the improper recognition of revenues and expenses; (2) the Company lacked adequate internal controls over financial reporting; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

## **The Truth Emerges**

22. On September 15, 2014, the Company issued a press release and filed a Form 8-K with the SEC announcing that the SEC is investigating the Company's financial reporting during 2012 and certain of its previously issued financial statements should no longer be relied upon. In the Form 8-K, the Company stated, in part:

> **Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**
>
> (a) On September 15, 2014, Bankrate, Inc. (the "Company") announced that the Securities and Exchange Commission (the "SEC") is conducting a non-public formal investigation relating to the Company's financial reporting during 2012, with the principal focus on the quarters ending March 31, 2012 and June 30, 2012. The investigation is examining three accruals of revenue totaling approximately $781,000 in the aggregate and two adjustments to reduce accrued expenses totaling approximately $850,000 in the aggregate. All of these entries were made during the close process for the second quarter of 2012. The investigation is also examining, among other things, (1) the timing and classification of additional entries relating to certain expenses, expense accruals and credits in the second quarter and other periods in 2012; (2) an entry originally made in the third quarter of 2011 establishing an allowance of $460,000 for anticipated customer credits in the Insurance business that was ultimately reversed in the first quarter of 2012; and (3) revenue and expense adjustments totaling $225,000 in May 2012 that were reversed in June 2012. The investigation is examining whether accounting entries in these periods may have improperly impacted the Company's reported results, including relative to market expectations at such time.
>
> In connection with the examination of the matters described above and developments in the ongoing SEC investigation, on September 14, 2014, Bankrate's Audit Committee, which is comprised entirely of independent outside directors, concluded that the Company's previously issued financial statements for each of fiscal years 2011, 2012 and 2013 should no longer be relied upon pending the conclusion of a full internal review of these matters, which is ongoing. The Audit Committee is retaining additional counsel and independent forensic accountants, who will be assisted in this review by the Company's newly appointed interim Chief Financial Officer. The Audit Committee has discussed the matters disclosed pursuant to this Item 4.02(a) with the Company's independent registered public accounting firm.
>
> The Company is providing documents and information in response to the SEC's requests and is endeavoring to reach a resolution of the matter.

>It is not possible to predict when matters relating to the SEC investigation or the internal review referenced above will be completed, the final outcome of the SEC investigation or internal review, and what if any actions may be taken by Bankrate or the SEC.
>
>The press release attached as exhibit 99.1 is incorporated herein by reference.

23.     In the same Form 8-K, the Company also announced the abrupt resignation of Defendant DiMaria as the Company's CFO.

24.     On this news, the Company's shares fell $1.90, or over 13%, to close at $11.92 per share on September 15, 2014.

25.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Bankrate securities during the Class Period (the "Class"); and were damaged thereby.  Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

27.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Bankrate securities were actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class

may be identified from records maintained by Bankrate or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

28.  Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

29.  Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

30.  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;
- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Bankrate;
- whether the Individual Defendants caused Bankrate to issue false and misleading financial statements during the Class Period;
- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- whether the prices of Bankrate securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

31.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

33. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Bankrate securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's Securities; and

- Plaintiff and members of the Class purchased and/or sold Bankrate securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

33. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

34. Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

9

## COUNT I

### (Against All Defendants For Violations of
### Section 10(b) And Rule 10b-5 Promulgated Thereunder)

35. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

36. This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

37. During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of Securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Bankrate securities; and (iii) cause Plaintiff and other members of the Class to purchase Bankrate securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

38. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Bankrate securities. Such reports, filings, releases and statements were

materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Bankrate's finances and business prospects.

39. By virtue of their positions at Bankrate, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

40. Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers and/or directors of Bankrate, the Individual Defendants had knowledge of the details of Bankrate's internal affairs.

41. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Bankrate. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Bankrate's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Bankrate securities was artificially inflated throughout the Class Period. In

ignorance of the adverse facts concerning Bankrate's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased Bankrate securities at artificially inflated prices and relied upon the price of the Securities, the integrity of the market for the Securities and/or upon statements disseminated by defendants, and were damaged thereby.

42.     During the Class Period, Bankrate securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased shares of Bankrate Securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased said securities, or would not have purchased them at the inflated prices that were paid.  At the time of the purchases by Plaintiff and the Class, the true value of Bankrate securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Bankrate securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

43.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

44.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. During the Class Period, the Individual Defendants participated in the operation and management of Bankrate and conducted and participated, directly and indirectly, in the conduct of Bankrate's business affairs. Because of their senior positions, they knew the adverse non-public information about Bankrate's misstatement of income and expenses and false financial statements.

47. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Bankrate's financial condition and results of operations, and to correct promptly any public statements issued by Bankrate which had become materially false or misleading.

48. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Bankrate disseminated in the marketplace during the Class Period concerning Bankrate's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Bankrate to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Bankrates within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Bankrate securities.

49. Each of the Individual Defendants, therefore, acted as a controlling person of

Bankrate. By reason of their senior management positions and/or being directors of Bankrate, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Bankrate to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Bankrate and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

50. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Bankrate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: September 17, 2014                    Respectfully submitted,

                                                    **THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence Rosen
Laurence Rosen, Esq.
Fla. Bar No. 0182877
275 Madison Avenue, 34th Floor
New York, NY  10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Bankrate, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Bankrate, Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

**First name:** Shunyi
**Middle initial:**
**Last name:** Tong
**Address:** redacted
**City:**
**State:**
**Zip:**
**Country:**
**Facsimile:**
**Phone:**
**Email:**

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
| --- | --- | --- | --- |
| Common Stock | 09/05/2014 | 200 | 13.64 |

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:   **YES**

**Certification for Shunyi Tong (cont.)**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 09/15/2014

_____
Shunyi Tong